IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-07-63-RAW |
| ) | |
| CORY HELTON, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court is the motion of the defendant for a writ of *audita querela*. The defendant has previously filed a motion pursuant to 28 U.S.C. §2255, which was denied by this court.

The Tenth Circuit has recently held that such a motion in this posture is properly dismissed for lack of jurisdiction. *United States v. Love,* 2010 WL 2075679 (10th Cir.)(May 25, 2010). Because defendant may not have access to such a recent unpublished opinion, the court will attach a copy to this order.

Even if the court reached the merits, the argument is unclear. Defendant states that he was convicted and sentenced before the Supreme Court decisions holding that the Sentencing guidelines were advisory rather than mandatory. He was not. Accordingly, the court declines to construe the motion as a second §2255 petition.

It is the Order of the court that the motion of the defendant (#32) is hereby dismissed for lack of jurisdiction.

**ORDERED THIS 27 DAY OF MAY, 2010.**

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

FILED
United States Court of Appeals
Tenth Circuit

May 25, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ESTAC L. LOVE,

Defendant - Appellant.

No. 09-5125
(D. Ct. No. 4:99-CR-00012-TCK-1)
(N.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before **BRISCOE**, Chief Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Estac L. Love, a federal prisoner proceeding pro se, petitioned the district court for a writ of *audita querela* to vacate one of his mandatory consecutive sentences under 18 U.S.C. § 924(c). The district court dismissed Mr. Love's petition for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

*This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Attachment*

## I. BACKGROUND

Mr. Love was convicted in 1999 of fourteen federal criminal offenses, including armed robbery, conspiracy, car-jacking, and firearms offenses. The district court sentenced him to 1,752 months' imprisonment, of which 1,584 months were for six firearms convictions under 18 U.S.C. § 924(c). We affirmed Mr. Love's convictions and sentence on direct appeal. *United States v. Love*, No. 00-5042, 2001 WL 1012123 (10th Cir. Sept. 5, 2001).

In 2005, Mr. Love sought post-conviction relief by filing a habeas petition under 28 U.S.C. § 2255. The district court denied his habeas petition and Mr. Love did not appeal. In 2007, Mr. Love again sought post-conviction relief, this time seeking a writ of *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. The district court denied that petition as well, and we affirmed. *United States v. Love*, No. 07-5126, 2008 WL 110994 (10th Cir. Jan. 10, 2008).

Mr. Love then filed the petition at issue in this appeal, seeking a writ of *audita querela* under the All Writs Act. In his petition, Mr. Love asked the court to vacate his seven-year mandatory consecutive sentence under § 924(c)(1)(A) because "recent changes in the consensus of authority [] now establish that the consecutive mandatory minimum sentence under section 924(c) does not apply when a defendant is subject to a higher minimum sentence for related firearm offenses." The district court held that Mr. Love's claim was cognizable exclusively under § 2255, and therefore dismissed Mr.

Love's petition for lack of jurisdiction.[1] Mr. Love now appeals from the dismissal of his petition.

## II. DISCUSSION

"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quotation omitted). "In modern practice, the writ has been supplanted by the more simple and expeditious motion to vacate or . . . for relief against the judgment, based upon equitable grounds." *Oliver v. City of Shattuck ex rel. Versluis*, 157 F.2d 150, 153 (10th Cir. 1946). Moreover, "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Torres*, 282 F.3d at 1245. On appeal, Mr. Love contends that the district court erred in dismissing his petition because his case "presents the rare situation when audita querela should be made available to a criminal defendant." We disagree.

In his petition, Mr. Love seeks the modification of his sentence on the basis that there has been a "fundamental change in the positions of the courts and the government regarding the statutory interpretation of section 924(c)(1)(A) since the time of Mr. Love's original sentencing." The district court held, and we agree, that assuming *audita querela*

---

[1]The district court also declined to construe Mr. Love's motion for a writ of *audita querela* as a second § 2255 petition and transfer it to this court for authorization. Mr. Love has not asserted any error with regard to that portion of the district court's order; therefore, we do not address it.

is available to a defendant who seeks to vacate his sentence, § 2255 provides a means for Mr. Love to pursue this remedy. Mr. Love must therefore bring his claim under § 2255 "unless it is shown to be inadequate or ineffective to test the legality of [his] detention." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). "[T]he mere fact [that Mr. Love] is precluded from filing a second § 2255 petition [,however,] does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

Mr. Love argues that § 2255 is inadequate or ineffective because of the "unusual posture" of his case. He contends that a post-sentencing change in statutory interpretation has rendered his sentence illegal, and that because "[t]raditional post-conviction relief is not available at this time" a writ of *audita querela* provides the only remedy. Traditional post-conviction relief is only unavailable to Mr. Love, however, because he previously filed a § 2255 petition. Had Mr. Love not already filed a § 2255 petition, § 2255 would be a viable means of contesting his sentence. Thus, Mr. Love has failed to show that § 2255 is inadequate or ineffective to test the validity of his sentence, and he cannot avoid the bar on successive § 2255 petitions "by simply styling [his] petition under a different name." *Torres*, 282 F.3d at 1246. Therefore, the district court properly dismissed Mr. Love's petition for a writ of *audita querela* for lack of jurisdiction.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Love's petition.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge